(No. 85-CV-102█ 

*In re* APPLICATION OF KIMBERLY HOFF.

*Opinion filed May 15, 1985.*

KIMBERLY HOFF, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ALISON P. BRESLAUER, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This claim arises out of an incident that occurred on January 23, 1985. Kimberly Hoff, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71, *et seq.*

This Court has carefully considered the application for benefits submitted on April 16, 1985, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Kimberly Hoff, age 25, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—3).

2. That on January 23, 1985, the Claimant was injured during the course of a robbery attempt. The incident occurred on the corner of Orleans and Dickens Streets, Chicago, Illinois. The offender approached the Claimant and demanded money. When the Claimant refused, the offender hit her several times in the face. The Claimant sought medical attention at Swedish Covenant Hospital for the treatment of her injuries.

3. That the Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

4. That the Claimant incurred medical/hospital expenses in the amount of $1,959.51, none of which was paid by insurance, leaving a balance of $1,959.51.

5. That the Claimant was employed by the Chicago Park District prior to the injury and her average monthly earnings were $314.08. Claimant was disabled and unable to work from January 25, 1985, to February 3, 1985, for a period of 5 working days.

6. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less. Ill. Rev. Stat. 1979, ch. 70, par. 72(h).

7. That based on $314.08 per month, the maximum compensation for loss of earnings for 5 working days is $71.40.

8. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

9. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim andthenet proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e).

10. That the Claimant has received no reimbursements that can be counted as an applicable deduction.

11. That pursuant to section 18(c) of the Act, the Court may order that all or a portion of an award be paid jointly to the applicant and provider of services. In the instant case, the Court finds this section applicable and orders that joint payment be made. Ill. Rev. Stat. 1979, ch. 70, par. 88(c).

12. That the amount of the $200.00 deductible should be prorated respectively in accordance with the percentage of the compensable loss.

13. That after considering the applicable deductions, the Claimant's loss for which she seeks compensation is $1,830.91, based upon the following:

| | Compensable Amount | Less % of $200.00 Deductible | Total |
|---|---|---|---|
| Swedish Covenant Hospital | $1,834.51 | 90.3% | $1,653.91 |
| Michael J. Plunkett, M.D. | 125.00 | 6.2% | 112.60 |
| Loss of Earnings | 71.40 | 3.5% | 64.40 |
| Total | $2,030.91 | 100.0% | $1,830.91 |

It is hereby ordered that the sum of $64.40 (sixty-four dollars and forty cents) be and is hereby awarded to Kimberly Hoff, an innocent victim of a violent crime.

It is further ordered that the sum of $1,653.91 (one thousand six hundred fifty-three dollars and ninety-one cents) be and is hereby awarded to Kimberly Hoff and Swedish Covenant Hospital.

It is further ordered that the sum of $112.60 (one hundred twelve dollars and sixty cents) be and is hereby awarded to Kimberly Hoff and Michael J. Plunkett, M.D.